**Concurring Opinion Filed August 1, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00230-CR
### No. 05-18-00231-CR

### ILONA ELISABETH SCHEEL, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F14-76584-W; F14-76585-W**

## CONCURRING OPINION
Opinion by Justice Carlyle

I join the majority opinion but write separately to note what has been called the "complete failure" of the state jail system and to urge both the legislature and interested entities to continue their work to reform it. *See* House Comm. on Criminal Jurisprudence, Interim Report to the 86th Legislature (January 2019) ("Bluntly but factually, Texas's state jail system is such a complete failure that it's come to literally produce the opposite of its intended result in every measurable way. Perhaps the only success state jails have had is reducing prison populations back in the outmoded days of the 'tough on crime' push 25 years ago. Every other component of our criminal justice system has made big strides since then, though, while state jails remain a relic of the past. As stakeholders saw in Ohio when it eliminated its intermediate jail system, each state jail closed would present an opportunity to handle the same offenses in wiser ways and return money to both

state and local government coffers."). The Texas Criminal Justice Coalition produced a 2018 report on the state jail system, "A Failure in the Fourth Degree: Reforming the State Jail Felony System in Texas."[1] The Texas Conservative Coalition Research Institute published a September 2018 policy white paper, "Reforming Texas's Approach to State Jail Felonies."[2] And the Texas Tribune has written about the topic. *See* Catherine Martin, *Built with rehabilitation in mind, Texas state jails are now viewed by lawmakers as a "complete failure,"* Texas Tribune, Feb. 14, 2019.[3]

Specific to this case, the possibility that a person may serve pretrial detention, sometimes for many months (and likely because they cannot afford to make bail, another problem entirely), and then not receive credit for that time served presents an abnormality in our system. *See* TEX. CODE CRIM. PROC. art. 42A.559(c); *cf. id.* art. 42.03 (requiring judges to give credit for time served between arrest and sentencing "[i]n all criminal cases"). This abnormality, once replete with solid policy backing, may find itself an outlier without a foundation due to the alleged structural failure of the state jail system. Or, a functioning, funded state jail scheme may remain part of an alternative to mass, long-term incarceration. We await the case with proper objection to consider this thorny issue.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2
180230CF.U05

---

[1] Available at https://www.texascjc.org/system/files/publications/A%20Failure%20in%20the%20Fourth%20Degree%20Report.pdf.

[2] Available at https://txccri.org/wp-content/uploads/2018/09/TCCRI-State-Jail-Felony-Reform-White-Paper.pdf.

[3] Available at https://www.texastribune.org/2019/02/14/texas-legislature-eyes-state-jail-reform-2019/.